UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALI DERROUAZ,

       Petitioner,

v.

KEVIN RAYCRAFT, *et al.*,

       Respondents.

Case No. 26-cv-10440
Hon. Matthew F. Leitman

_____/

## ORDER GRANTING PETITION FOR A
## WRIT OF HABEAS CORPUS (ECF No. 1)

Petitioner Ali Derrouaz is currently being held in detention by Immigration and Customs Enforcement ("ICE") at the Monroe County Jail in Monroe, Michigan. (*See* Pet., ECF No. 1, PageID.3.)  ICE claims that it has the authority to detain Derrouaz under Section 1225(b)(2) of the Immigration and Nationality Act (the "INA"), 8 U.S.C. § 1225(b)(2). (*See* Resp., ECF No. 6, PageID.125-142.)

Derrouaz filed a Petion for a Writ of Habeas Corpus in this Court on February 9, 2026.  In the petition, he argues that that he is being detained in violation of both the INA and the U.S. Constitution. (*See* Pet., ECF No. 1.)  He names as Respondents Kevin Raycraft, the Detroit Field Office Director of ICE's Enforcement and Removal Operations; the U.S. Department of Homeland Security ("DHS"); the DHS Secretary (formerly Kristi Noem); the U.S. Attorney General (formerly Pamela

Bondi); and the Executive Office for Immigration Review. (*See id*.)  On April 21, 2026, the Court held a hearing on the Petition.

In *Hurtado-Medina v. Raycraft*, No. 25-cv-13248, 2025 WL 3268896 (E.D. Mich. Nov. 24, 2025), the Court previously addressed the same issues presented in Derrouaz's petition.  In *Hurtado-Medina*, the Court held that the petitioner was not properly subject to detention under 8 U.S.C. § 1225(b)(2). *See Hurtado-Medina*, 2025 WL 3268896, at *10.

For the reasons stated on the record, the Court finds that the issues presented here are the same as those presented in *Hurtado-Medina*.  For the same reasons given by the Court in *Hurtado-Medina*, the Court concludes that Derrouaz is not properly detained under 8 U.S.C. § 1225(b)(2).[1]  And for the same reasons as those stated in *Hurtado-Medina*, the Court excuses any administrative exhaustion requirements on the grounds that exhaustion is futile. *See id.* at *7–8.  Finally, for the reasons stated on the record and in *Cid-Barrios v. Raycraft*, 814 F. Supp. 3d 839 (E.D. Mich. 2025), the Court concludes that Derrouaz has named a proper Respondent, Kevin Raycraft, in his petition.  Accordingly, the Court **GRANTS** the Petition for a Writ of Habeas Corpus (ECF No. 1) and **ORDERS** as follows: Respondents shall release Derrouaz from custody **by 5:00 p.m. EST on May 15, 2026**, unless he has been given a bond

---

[1] In response to an argument Respondents made in their supplemental briefing, the Court also concludes for the reasons stated on the record that Derrouaz is not properly detained under 8 U.S.C. § 1226(c)(1)(E).

hearing under Section 1226(a) of the INA before an immigration judge prior to that time.

     **IT IS SO ORDERED.**

                    s/Matthew F. Leitman

                    MATTHEW F. LEITMAN

                    UNITED STATES DISTRICT JUDGE

Dated: May 8, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 8, 2026, by electronic means and/or ordinary mail.

                    s/Holly A. Ryan

                    Case Manager

                    (313) 234-5126